UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

RICHARD A. DALZELL,

    Plaintiff,

v.

MICHAEL J. ASTRUE, Commissioner,
Social Security Administration,

    Defendant.

Case No. C06-1333RSL

ORDER DISMISSING CASE

The Court, having reviewed the Report and Recommendation (Dkt. #19) of the Honorable Monica J. Benton, United States Magistrate Judge, plaintiff's objections to the Report and Recommendation (Dkt. #20), defendant's response to plaintiff's objections (Dkt. # 21), and the remainder of the record, hereby finds and orders as follows:

(1)     The Court adopts the Report and Recommendation.

(2)     The Court finds that the Administrative Law Judge's decision contains no legal error and is supported by substantial evidence in the record. Accordingly, the Court rejects, as without merit, the issues raised by plaintiff's objections to the Report and Recommendation:

    (a)     The Court finds that the Administrative Law Judge ("ALJ") did not err in according the non-examining physician's opinion greater weight than the treating physician's opinion. In determining the proper weight to give to

ORDER DISMISSING CASE     1

each opinion, the ALJ relied on substantial evidence in the record, including the inconsistencies within the treating physician's report and plaintiff's own testimony about his activities.

(b) In giving little weight to the opinion of one examining psychiatrist, Susan Hakeman, M.D., in favor of the opinions of psychologists Carl Epp, Ph.D. and Allan Fitz, Ph.D., the ALJ provided a specific and legitimate reason supported by substantial evidence. The ALJ explained that Dr. Hakeman's assessment relied "solely on the claimant's subjective complaints" (TR 24). Although plaintiff points to Dr. Hakeman's mention that "testing showed memory loss" as evidence to the contrary, there is no other indication of any scientific assessment by Dr. Hakeman (TR 352). In contrast, Dr. Epp and Dr. Fitz reported detailed results from several cognitive tests (TR 308-309, 473, 486-487), thereby supporting a determination that their assessments merited greater weight.

(c) The ALJ was correct in finding that the panic disorder did not meet the requirements of step two of the disability evaluation as provided by Social Security regulations. See 20 C.F.R. § 416.920(a)(4)(ii) (requiring a medically severe impairment or medically severe combination of impairments). Plaintiff bears the burden of proof. Plaintiff failed to demonstrate clearly that his panic disorder would limit his basic work activities beyond the impaired social functioning accounted for by the ALJ.

(d) The ALJ properly determined plaintiff's residual functional capacity ("RCF") under step four and plaintiff's ability to perform other work that exists in significant numbers in the national economy under step five. See 20 C.F.R. § 416.920(a)(4)(iv-v). The ALJ determined that plaintiff cannot perform his past relevant work because his RCF is at a sedentary level of physical exertion. The ALJ deemed the plaintiff capable of lifting or

carrying a maximum of ten pounds, standing or walking at least two hours, and sitting approximately six hours during an eight-hour work day with normal breaks. The ALJ noted the plaintiff's limited abilities to interact with co-workers or the public. The ALJ determined that plaintiff can follow simple instructions. In accordance with step five, the ALJ found that several types of employment fit plaintiff's abilities and exist in significant numbers nationally. The ALJ's decision that the listed types of sedentary employment would satisfy the RCF determination is supported by substantial evidence in the record.

(3) For all of the foregoing reasons, the final decision of the Commissioner is AFFIRMED, and this action is DISMISSED with prejudice. The Clerk of Court is directed to enter judgment accordingly.

(4) The Clerk shall send a copy of this Order to the parties and to the Honorable Monica J. Benton.

DATED this 4th day of February, 2008.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER DISMISSING CASE                3